UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>MOISES JACOBO-CAMPOS,<br><br>                                    Defendant. | Case No.:  15cr1525 JM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

This matter comes before the court on Defendant Moises Jacobo-Campos's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 35.) For the following reasons, the court denies Defendant's motion.[1]

## BACKGROUND

On June 30, 2015, Defendant pled guilty to a single-count information charging him with being a removed alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b).  (Doc. No. 18.)  At his November 6, 2015, sentencing, the court determined that, under section 2L1.2 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), Defendant's base offense level was 8.  The court reduced

---

[1] As Defendant does not have a viable claim for relief on this motion, the court also denies his motion to appoint counsel.  (Doc. No. 36.)

Defendant's offense level by 3 for acceptance of responsibility, and by 2 for fast track. Pursuant to Guidelines section 2L1.2(b)(1)(A)(ii), the court increased Defendant's offense level by 16 based on his 1997 conviction for robbery under California Penal Code section 211 ("California robbery"), which qualified as a predicate crime of violence.[2]

Defendant challenges that 16-level increase.  Defendant argues that <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557–60 (2015), which invalidated a portion of the definition of violent felony in the Armed Career Criminal Act ("ACCA"), also invalidates the definition of crime of violence in Guidelines section 2L1.2 and, therefore, California robbery can no longer serve as a predicate crime of violence to warrant a 16-level enhancement.[3]

## DISCUSSION

### I.   Legal Standards

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  If the court determines that relief is warranted under section 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  <u>Id.</u> § 2255(b).

### II.   Analysis

Defendant asks the court to vacate his 51-month sentence and resentence him

---

[2] Defendant's total offense level was 19, and with a criminal history category VI, Defendant's Guidelines range was 63 to 78 months.  The court varied downward, imposing a 51-month term of imprisonment.

[3] Because Defendant's motion fails on the merits, the court does not consider whether Defendant waived or procedurally defaulted his ability to attack his sentence.  And although the court has previously determined that <u>Johnson</u> applies retroactively to the Guidelines, <u>see</u> <u>United States v. Kinman</u>, No. 16cv1360 JM, 2016 WL 6124456, at *5–7 (S.D. Cal. Oct. 20, 2016), the court need not reach that issue in this case.

without applying the 16-level enhancement provided for in Guidelines section 2L1.2. The court declines to do so. First, <u>Johnson</u> does not affect the definition of crime of violence in section 2L1.2. Second, clear Ninth Circuit law holds that California robbery is a crime of violence under that section.

### A.   <u>Johnson</u> Does Not Affect Section 2L1.2

In <u>Johnson</u>, the Supreme Court invalidated the ACCA's so-called residual clause, which defined a "violent felony" as any offense that "involves conduct that presents a serious potential risk of physical injury to another." According to the Supreme Court, that language "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556–57.

The definition of crime of violence in Guidelines section 2L1.2 does not suffer from those same vagueness defects, however. Section 2L1.2 defines a crime of violence, in relevant part, as "any of the following offenses under federal, state, or local law: . . . robbery . . . extortion . . . or any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>See</u> U.S.S.G. § 2L1.2 app. n.1(B)(iii). Thus, unlike the ACCA's residual clause, Guidelines section 2L1.2's definition enumerates particular offenses and includes only those other crimes that involve "the use, attempted use, or threatened use of physical force." Due to these obvious differences, the Supreme Court's decision in <u>Johnson</u> does not impact section 2L1.2.

### B.   California Robbery Is a Crime of Violence Under Section 2L1.2

With nothing to undermine the definition of crime of violence set forth in Guidelines section 2L1.2, the court must continue to follow binding precedent interpreting that section. And the Ninth Circuit has squarely held that California robbery qualifies as a crime of violence under Guidelines section 2L1.2. As recently stated by the Ninth Circuit, California robbery is "categorically a crime of violence under U.S.S.G. § 2L1.2 because, in all its applications, [California robbery] always constitutes either

generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of crime of violence." United States v. Dixon, 805 F.3d 1193, 1196 (9th Cir. 2015); see also United States v. Becerril-Lopez, 541 F.3d 881, 890–93 (9th Cir. 2008) (holding that a conviction for California robbery categorically qualifies as a crime of violence because a California robbery conviction can only result from conduct that either falls within the generic definition of robbery or the generic definition of extortion); United States v. Flores-Mejia, 687 F.3d 1213, 1214 (9th Cir. 2012) (stating that "any conviction [for California robbery] constitutes a crime of violence for purposes of § 2L1.2, regardless of whether the crime of conviction could be characterized as generic robbery or generic extortion"). In accordance with this authority, the court finds that California robbery is a crime of violence under Guidelines section 2L1.2. Consequently, Defendant received an appropriate 16-level increase.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In addition, because Defendant fails to make a substantial showing of the denial of a constitutional right, the court denies any request for a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: November 1, 2016

_____
JEFFREY T. MILLER
United States District Judge

4

15cr1525 JM